**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2019[*]
Decided June 3, 2019

*Before*

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 18-3655

| | |
|---|---|
| MARY L. CORNER, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District |
| | of Illinois, Eastern Division. |
| | |
|     *v.* | No. 17 C 8134 |
| | |
| R. ALEXANDER ACOSTA, Secretary of | Thomas M. Durkin, |
| Labor, | *Judge.* |
|     *Defendant-Appellee.* | |

**O R D E R**

Mary Corner lost her bid for president of the American Postal Workers Union (Local 7140) in 2017. She attributes her defeat to problems with the election: in her view, the chapter had permitted ineligible candidates to run for office and improperly notified voters of the election through the form of an "obsolete" newsletter, in violation of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 481. But the United States Department of Labor ruled out irregularities that could have affected the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

election's result and declined to take further action. In a statement of reasons explaining its decision not to sue, the Department addressed Corner's three concerns. It first stated that the purportedly ineligible candidates had paid their dues in the year before the election so they were eligible to run for office. Second, the Act permitted chapters to notify their members of an election via newsletter, regardless of whether the newsletter had regular distribution. Finally, the incumbent candidate received no endorsement by virtue of contributing an article to the newsletter because the article discussed general chapter business, not the campaign itself.

Corner then filed this action under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), seeking to compel the Department to file suit in an effort to overturn the election. Ruling that the Department's statement adequately explained its decision not to sue, the court discerned no grounds for compelling the Department to sue to invalidate the election. And because Corner pointed to nothing *within* the statement of reasons suggesting that the Department's decision was arbitrary and capricious, neither Corner nor the district court was entitled to further investigate the Department's findings. The district court granted summary judgment to the Department.

On appeal, Corner's only possible avenue for relief is to point to something within the statement of reasons showing that the Department's decision not to sue was "so irrational" that it renders "the decision arbitrary and capricious." *Dunlop v. Bachowski*, 421 U.S. 560, 572–73 (1975); *Ellis v. Chao*, 336 F.3d 114, 122–23 (2d Cir. 2003). An explanation that "rests on conclusory statements" may meet this threshold. *Ellis*, 336 F.3d at 122. But we defer to the statement of reasons if it "sets forth the essential facts" that led to the decision not to sue. *Id.*; *Bachowski*, 421 U.S. at 571.

Corner's brief fails to identify any conclusory statements that could render the Department's explanation inadequate, nor do we see any. First, the Department concluded based on the tax statements of the purportedly ineligible candidates that the union had withheld the candidates' dues in the year before the election, so they were "member[s] in good standing" eligible to run for office. 29 U.S.C. § 481(e); *see also Chao v. Local 743, Intern. Broth. of Teamsters*, 467 F.3d 1014, 1015 n.1 (7th Cir. 2006). Next, the Department explained that the Act allows unions to notify members of elections via newsletter, and regular distribution is not required. 29 C.F.R. §§ 452.99–100. Finally, the Department concluded that the incumbent's newsletter article did not amount to improper union-funded campaign material or disparate candidate treatment because the article's timing, tone, and content did not endorse the incumbent. We will not substitute our judgment for that of the Department. *See Bachowski*, 421 U.S. at 572–73.

Corner next argues that the district court erred in failing to examine the factual bases for the Department's conclusions. But that would be appropriate only if we found the Department's explanations lacking. *Bachowski*, 421 U.S. at 572–73; *Ellis*, 336 F.3d at 126. Because the Department's statement of reasons is adequate, the district court appropriately limited its review to that document.

Last, Corner asserts that the Department should have evaluated her complaint under Title I of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411, the section governing pre-election complaints. But she filed her complaints with the Department after the election, and "Title IV plainly bars Title I relief when an individual union member challenges the validity of an election that has already been completed." *Local No. 82, Furniture and Piano Moving v. Crowley*, 467 U.S. 526, 541 (1984); *see also* 29 U.S.C. § 483 ("The remedy provided by this subchapter for challenging an election already conducted shall be exclusive.").

We end with a warning. This is the third time Corner has challenged her union's local-officer elections based on the assertion that Jackie Engelhart, another candidate, is ineligible to run. *See Porch-Clark v. Engelhart*, 547 Fed. App'x 782 (7th Cir. 2013); *Corner v. Harris*, 519 Fed. App'x 942 (7th Cir. 2013). Any future filings that reprise this argument without distinguishing the circumstances underlying her previous dismissals will subject Corner to possible sanctions.

AFFIRMED